STATE EX REL. VEXLER V. HERBERT H. HYMAN, DIRECTOR OF FIRE.

1. DIRECTOR OF FIRE GOVERNED BY FORMULATED RULES.

The director of fire has no authority to conduct his office contrary to the rules formulated, under the federal plan law, by the director of fire and the mayor, and approved by the council, which rules have the force of law.

2. RULE NOT CHANGED BY CUSTOM OF DIRECTOR.

The director of fire cannot change the rules governing his department by custom, unless such custom is known to the mayor and city council for such a length of time as will be considered essential.

3. AGE LIMIT IN MAKING APPOINTMENTS.

Under a rule " providing that persons appointed to the fire department sha.1 be not less than nineteen, nor more than twenty-eight years of age," a person who is over twenty-eight, but not twenty-nine years of age, is ineligible.

4. PERSON INELIGIBLE MAY BE REMOVED INFORMALLY.

A person who was ineligible, under the rules above referred to, at the time of his appointment as a member of the fire department, never legally held office and may be removed informally.

APPEAL.

CALDWELL, J.

The "federal plan law" provides for a fire department of the city of Cleveland under the same. The director of fire and the mayor of the city formulate rules to govern the department, and, when approved by the council, they become the rules governing the department and have the force of law, and the director has no authority to conduct his office contrary to such regulations.

Rule 3 provides that persons appointed shall be not less than nineteen years nor more than twenty-eight years of age.

Frank Vexler was appointed when over twenty-eight years of age, but less than twenty-nine, and was afterwards removed without cause assigned in writing, whereupon he brought this action to be reinstated.

Under rule 3, he was ineligible to the office when he was appointed, as he was then more than twenty-eight years old.

The director of the fire department has no authority to change the rules governing his department by custom, unlesssuch custom is known to the mayor and the city council for such length of time that they will be considered essential.

As the director had no authority to appoint Vexler, he (Vexler) never lawfully held the office, and could be removed informally.

The director alone can not give a practical construction to rule 3, different from its plain meaning.

The plaintiff's petition is dismissed.

Marvin, J., is inclined to think that Vexler might be regarded as only twenty-eight years old until he was twenty-nine.

*McKisson & Boyd*, for plaintiff.

*Hogsett, Beacom, Excell & Gage*, for defendant.